## WILCOX

*v.*

### HUNTER, Treasurer.

(*Supreme Court of Appeals of Virginia, Nov. 19, 1896.*)

[25 S. E. Rep. 1000.]

**Mandamus to Compel Acceptance of Coupons for Tax—Statute Governing.**

In view of the provisions of the act of May 12, 1887, requiring a proceeding in court to be instituted for the collection of a tax where payment has been tendered in detached coupons from state bonds, in which proceeding the defendant can plead his tender and file his coupons, and shall have judgment if their validity is established, mandamus will not lie against a treasurer, at the suit of one liable for a tax, to compel the acceptance of a tender of such coupons in payment.

Petition by J. W. Wilcox against W. W. Hunter, treasurer of Norfolk, for a writ of mandamus. Denied.

*Maury & Maury*, for petitioner.

*R. Taylor Scott*, Atty. Gen., and *H. R. Pollard*, for respondent.

KEITH, P., delivered the opinion of the court.

The petition of J. W. Wilcox, a resident of the city of Norfolk, represents to this court that he is an attorney at law, duly licensed to practice in the courts of the state; that the tax imposed upon him for that privilege is $25 per annum; that, desiring to procure a license, he tendered to W. W. Hunter, treasurer

of Norfolk, an officer appointed by law to receive said tax, 75 cents in money, being the amount of the fee of the commissioner, and $25 in tax-receivable coupons issued by the state, which by law are receivable in payment of said tax ; that the coupons were past due, and bore upon their face stipulations that they are receivable for all taxes, debts, and demands due the state ; that they were issued under the acts of the general assembly of March 30, 1871, and March 28, 1879. He avers that they are genuine, legal coupons cut from the bonds of the state, and that he has been ready at all times since said tender to deliver the money and coupons to the treasurer in payment of the tax, and is now ready to do so ; that the treasurer refuses to receive the coupons in payment of the tax, and to give him the proper certificate thereof, which it is necessary for him to have in order that he may procure his license from the commissioner of the revenue, and that without such license he is liable to indictment for practicing his profession ; that he has no other mode of relief in the premises save a writ of mandamus commanding Hunter, treasurer, to receive the coupons, and to pay the costs of this writ.    To this petition Hunter filed his demurrer and answer.    In Hunter's demurrer Wilcox joins, and demurs to Hunter's answer, in which Hunter joins, and the case is before us upon these pleadings.

The argument of counsel invites us to reconsider the case of Com. v. McCullough, 90 Va. 597, 19 S. E. 114, in which this court held that the acts of March 30, 1871, and March 28, 1879, were unconstitutional and void so far as they authorized the issue of bonds by the state with coupons attached, receivable at and after maturity for all taxes, debts, dues, and demands due the state.    We do not think that it is necessary to discuss the question there decided.    The writ of mandamus issues to compel the performance of a duty which results from the official station of the party to whom the writ is directed, or from operation of law.    See Spell. Extr. Relief, § 1363. There is no law which imposes upon the respondent the duty

which the petitioner seeks to enforce. By an act approved May 12, 1887, it is provided that when coupons detached from bonds of this state shall have been tendered, and the tax not otherwise paid, it shall be the duty of the attorney for the commonwealth to proceed by motion upon 10 days' notice in the circuit court having jurisdiction over the county or corporation in which said taxes shall have been assessed to recover the amount of the taxes. Upon the trial of such motion the defendant may plead the tender of coupons in payment of the taxes demanded, and file with his plea the coupons averred therein to have been tendered. If the tender and the genuineness of the coupons are established, judgment shall be for the defendant on the plea of tender. If he fails in his defense, and the taxes claimed are found to be due the state, the coupons filed by him, and not found to be spurious, shall be returned, and there shall be judgment for the aggregate amount of taxes due, and the interest from the time they became due to the date of judgment. So far, therefore, from its being the duty of the treasurer upon the tender of coupons being made to him by the taxpayer to issue a certificate therefor, it is his duty under the law to sue for and recover the taxes, unless the defendant, the taxpayer, makes good his plea of tender. This involves no hardship. It is a simple and inexpensive mode by which the right of the coupon holder to pay in genuine coupons is preserved, and the treasury of the state is protected from having spurious coupons foisted upon it. There is no danger that the petitioner will be prosecuted for practicing his profession without a license. If he has tendered genuine coupons in payment of his tax, and those coupons are, as he avers, receivable by the state in payment of taxes, then he may safely rely upon his tender in any suit or prosecution that may be instituted against him for the recovery of the tax or for pursuing his lawful vocation. We are therefore of opinion that the prayer of the petition should be denied, with costs to the defendant.